JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Dr. Tanya Fowler

## DEFENDANTS
University of Pennsylvania, Department of Education

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*: Jeff First, 6100 City Avenue Suite 417, Phila, PA 19131

Attorneys *(If Known)*: N/A

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [X] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [X] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 42 USC 1983

Brief description of cause: Improper designation as holder of student loans

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $: 6,031,465
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*: N/A
JUDGE: ___
DOCKET NUMBER: ___

DATE: 5/31/22
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 113 Sutcliffe Lane Conshohocken PA 19428

Address of Defendant: 400 Maryland Ave, Wash DC 20202 / Phila PA 19104

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:** N/A

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes [ ] No [ ]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes [ ] No [ ]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes [ ] No [ ]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes [ ] No [ ]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/31/22     Jeffry B Fint (signature)     54198

*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [X] All other Federal Question Cases (Please specify): Declaratory Judgment

**B. Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury (Please specify): _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases (Please specify): _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Jeffry B Fint, counsel of record or pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[X] Relief other than monetary damages is sought.

DATE: 5/31/22     (signature)     54198

*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Dr. Tanya Fowler

        Plaintiff

v.

United States Department of Education,
University of Pennsylvania

        Defendants

NO.

## COMPLAINT

Plaintiff Dr. Tanya Fowler ("Plaintiff" or "Fowler"), by and through undersigned counsel, hereby presents her Complaint against Defendant United States Department of Education ("Education Department") and Defendant University of Pennsylvania ("Penn"), and in support thereof, states as follows:

## INTRODUCTION

Plaintiff brings this action to obtain relief from the erroneous conclusion reached by Defendants that she is the borrower of certain federal student loan debt with the Department of Education. As recounted herein, Plaintiff was the victim of identity fraud in that an unknown third party forged her signature to the applicable loan documents. Moreover, Penn had extended a fellowship to Plaintiff for all years in question, thereby making it unnecessary for Plaintiff to obtain loans.

Despite the provision by the Plaintiff to the Education Department and Penn of extensive evidence on these matters, the Education Department irresponsibly persists in attempting to

collect student loan payments from Plaintiff. This conduct by the Education Department has caused Plaintiff financial hardship in the form of a lost tax refund, and the denial of the opportunity to participate in one of the Department of Agriculture housing programs.

Specifically, due to Education Department reportage to the federal government's Credit Alert Verification Reporting System ("CAIVRS"), Plaintiff has incurred on-going harm, injury, duress, denial of any and all housing loans, denial of financial/credit opportunities, employment opportunities, etc. as a senior citizen with a household/familial status that includes a medically disabled child. The denial of housing finance loans due to the CAIVRS reportage is most profound, as it has threatened to render the Plaintiff and her medically disabled son homeless. Similarly, as described below, Penn has also caused harm to Plaintiff by improperly processing student loan amounts to her account when she was participating in a fellowship program at Penn. As a result, Penn has facilitated the harm to Plaintiff. Penn has refused to take any steps to rectify the situation, which is particularly egregious given that Penn knows that Plaintiff was on fellowship when at Penn.

## PARTIES

1. Plaintiff Dr. Tanya Fowler is a citizen of the Commonwealth of Pennsylvania with a residence address of 113 Sutcliffe Lane Conshohocken, PA 19428

2. Defendant Department of Education is a federal agency with its main office at 400 Maryland Avenue, Washington D.C. 20202

3. Defendant University of Pennsylvania ("Penn") is non-profit educational institution located in Philadelphia, Pennsylvania 19104.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter as federal question jurisdiction under 28 U.S.C. 1331. This Court also has supplemental jurisdiction under 28 U.S.C.1367 (a).

5. Venue exists in this Court pursuant to 28 U. S. C. 1391 (b)(2), by virtue of the fact that a substantial portion of the events giving rise to the claims arose in this judicial district.

## FACTUAL ALLEGATIONS

6. Plaintiff is the holder of the following degrees: a B.A. in English Communication and Ph.D. in Folklore and Folklife.

7. Plaintiff has been the victim of identity theft, with an unknown individual(s)(probably employed by Penn) falsely certifying student loans in Plaintiffs name.

8. Nevertheless, the Department of Education and Penn are claiming that Plaintiff borrowed $62,000.00 over twenty years ago, which has grown to a balance of $206,293.90 purportedly owed by Plaintiff.

9. Plaintiff never had the need for student loans, however, because she participated in the Fontaine fellowship program at Penn where she did not have to incur any costs. As outlined herein, despite the fact that Penn accepted Plaintiff for the fellowship it nevertheless processed the paperwork deeming Plaintiff as having taken out student loans when such is not necessary for fellowship participants.

10. Moreover, Plaintiff has advised the Department of Education of the impossibility of Plaintiff owing the student loan amounts the Education Department contends are owed. Specifically, the Department of Education is attempting to charge Plaintiff annual aggregate loan amounts that exceed what was possible for the student loan programs at issue. For example, for

the year 1986, the Department of Education contends that Plaintiff borrowed $20,000.00. However, student loan program limits that were in force at that time only permitted borrowing of $5000.00.

11.     Also, Plaintiff has suffered harm by virtue of the fact that she has been reported to the CAIVRS system by the Education Department, which is the federal government's entity for reporting purported federal debt to other federal agencies.

12.     By virtue of being reported to CAIRVS, Plaintiff has lost a tax refund and been prohibited from participating in the U.S. Department of Agriculture Rural Development Housing Development Program.

13.     Penn was a willing participant in the conspiracy against Plaintiff, as Penn certified student loans as owing even though it had approved Plaintiff for the Fontaine fellowship. To this day, Penn has adopted the dual position of Plaintiff participating in the fellowship but not acknowledging that a Penn "person" most likely falsely certified Plaintiff as eligible for student loans to become a "borrower."

14.     In light of all of the foregoing, Plaintiff was compelled to retain a handwriting expert, Travis Kings, to examine pertinent documentation.

15.     Mr. Kings examined loan documents for the student loans at issue here and concluded that the signature on said documentation was not that of Plaintiff.

16.     As a result of the foregoing, Plaintiff has repeatedly contacted the Department of Education and Penn to obtain relief from the loans that she did not obtain. Despite the foregoing evidence proffered by Plaintiff, the Education Department continues to try to collect funds of Plaintiff and Penn has turned a deaf ear to Plaintiff. Plaintiff has even been subject to collection efforts by the Education Department and a private collection agency.

17. In furtherance of her efforts to obtain relief, Plaintiff has submitted the following documents to applicable entities: Certification of Cooperation of Identity Theft Claims; Identity Theft Police Report; and Identity Theft Federal Trade Commission Report. Plaintiff also furnished the Education Department with abundant additional proofs that she had no student loans, including proof that the claims for the years 1986 forward were impossible logistically as four loans were purportedly taken out in one semester; and proof that the claims of loans for the years 1986 forward, were legally impossible as the four claimed loans during the same time period, exceeded the statutory limit. Although Plaintiff provided abundant proof that the student loans were not her own, the Education Department and Penn have not provided any evidence to substantiate their claims.

18. Plaintiff has also submitted to the Education Department a discharge application based upon false certification. The Education Department never responded.

19. As a result of the Defendants' conduct, Plaintiff has suffered damages, including emotional distress (depression and anxiety), damage to her credit, lost housing opportunities and lost employment opportunities.

## LEGAL CLAIMS

### COUNT I: REQUEST FOR DECLARATORY JUDGMENT (Against Education Department)

20. Plaintiff hereby incorporates the preceding allegations as though set forth herein.

21. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C 2201, Plaintiff seeks a declaratory judgment that she is not the rightful borrower of the student loans at issue in this case.

22. Plaintiff has secured a handwriting expert to evaluate the loan documents at issue.

23. The handwriting expert has confirmed that the signatures on the loan documents are not those of Plaintiff.

24. Also, Plaintiff participated in the Fontaine Fellowship so there was no need for her to borrow funds.

25. Further, the Education Department is attempting to collect from Plaintiff more than the student loan programs permitted at the time of the events described in this case.

Wherefore, in light of the foregoing, Plaintiff requests that the Court issue a declaration that Plaintiff is not the rightful borrower on the student loan debt at issue. Plaintiff further requests reimbursement of counsel fees and litigation costs incurred.

COUNT II: Violation of Federal Regulations: (Against Department of Education)

26. Plaintiff hereby incorporates the preceding allegations as though set forth herein.

27. Applicable federal regulations require the Department of Education to respond to applications for discharges of student loans based upon false certification.

28. As described herein, Plaintiff submitted an application to the Department of Education for a discharge of student loans on the basis of false certification.

29. The Department of Education never even processed Plaintiff's application.

30. By virtue of the failure to process the application, this Court should deem Plaintiff's application granted.

Wherefore, in light of the foregoing, Plaintiff requests that the Court issue an Order indicating that Plaintiff is not the borrower of the student loans at issue. Plaintiff further requests reimbursement of counsel fees and litigation costs incurred.

### COUNT III: BREACH OF CONTRACT (Against Penn)

31. Plaintiff hereby incorporates the preceding allegations as though set forth herein.

32. Plaintiff and Penn entered into a contractual agreement when processing Plaintiff's fellowship application.

33. The agreement required Penn to properly process all matters related to Plaintiff's attendance at Penn.

34. As described herein, Penn breached this agreement by causing Plaintiff to be charged with student loan debt even though at the same time Penn was approving Plaintiff for the fellowship program.

35. Specifically, Penn falsely certified that Plaintiff was the borrower for student loan debt.

36. As a result of Penn's breach of contract, Plaintiff has suffered the damages referenced herein.

Wherefore, in light of the foregoing, Plaintiff requests that the Court award her $1,031,465, which is the sum of five years of the alleged loan amount of $206,293 being claimed due. Plaintiff further requests reimbursement of counsel fees and litigation costs incurred.

### COUNT IV: VIOLATION OF 14TH AMENDMENT (Against Penn)

37. Plaintiff hereby incorporates the preceding allegations as though set forth herein.

38. Penn is a state actor for purposes of Section 1983 claims.

39. As a state actor, and pursuant to 42 U.S.C. 1983, Penn was required to comply with the 14th Amendment to the United States Constitution and not deprive Plaintiff of property without due process.

40. By taking the actions described herein, Penn has deprived Plaintiff of property without due process of law.

41. As a result of the conduct of Penn, Plaintiff has suffered damages, including emotional distress (depression and anxiety) and the denial of housing opportunities and job opportunities.

Wherefore, in light of the foregoing, Plaintiff requests that the Court award her $1,031,465, which is the sum of five years of the alleged loan amount of $206,293 being claimed due. Plaintiff further requests reimbursement of counsel fees and litigation costs incurred.

## COUNT V:   NEGLIGENCE (Against Penn)

42. Plaintiff hereby incorporates the preceding allegations as though set forth herein.

43. Penn owes a duty of care to its students to properly administer all matters related to the students' education.

44. With respect to Plaintiff, Penn owed a duty of care to properly administer Plaintiff's financial matters related to her education at Penn.

45. By virtue of the conduct described herein, Penn breached this duty of care owed to Plaintiff.

46. Specifically, Penn certified to the Education Department, that Plaintiff had student loan debt for her education at Penn when that was false. Plaintiff had a fellowship at Penn which obviated the need for student loans.

47. As a result of the conduct of Penn, Plaintiff has suffered damages, including emotional distress (depression and anxiety) and the denial of housing opportunities and job opportunities.

Wherefore, in light of the foregoing, Plaintiff requests that the Court award her $1,031,465, which is the sum of five years of the alleged loan amount of $206,293 being claimed due. Plaintiff further requests reimbursement of counsel fees and litigation costs incurred.

Date: June 1, 2022

_____
Jeffrey B. First, Esquire
6100 City Avenue, Suite 417
Philadelphia, PA 19131
Attorney I. D. No. 54198
(215) 307-3939
jeff@jefffirstlaw.com
Counsel for Plaintiff

9