IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DR. TANYA FOWLER | : | CIVIL ACTION |
| | : | |
| v. | : | No. 22-2128 |
| | : | |
| UNITED STATES DEPARTMENT OF EDUCATION *and* UNIVERSITY OF PENNSYLVANIA | : : : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                                **April 20, 2023**

      Plaintiff Tanya Fowler claims she is a victim of federal student loan fraud. She requests judicial review of the denial of a loan discharge under the Administrative Procedure Act ("APA") and asserts a violation of substantive due process against Defendant United States Department of Education ("Education"). Fowler also brings a claim for breach of contract against Defendant University of Pennsylvania ("Penn"). Both Defendants move to dismiss the counts against them pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Fowler fails to show Education acted in an arbitrary or capricious manner or deprived her of constitutionally protected property, and fails to identify a contract between herself and Penn, both motions will be granted in full and with prejudice.

**FACTS**

      Tanya Fowler enrolled in a graduate program at Penn in the 1980s. Second Am. Compl. ("SAC") ¶ 9, ECF No. 32. She participated in the Fontaine Fellowship program, which she thought allowed her to attend Penn at no cost. *Id*. Years later, however, Education notified Fowler she had borrowed $62,000 in federal student loans for her schooling at Penn and was responsible for paying back a balance grown to over $200,000. *Id*. ¶ 8. This debt put Fowler on the federal government's Credit Alert Verification Reporting System ("CAIVRS"), which negatively impacted her ability

1

to obtain home loans, lines of credit, and employment. *Id.* ¶¶ 11-12.

Fowler claims she did not know of or agree to these loans, because an unknown actor at Penn forged her signature to certify them. *Id.* ¶ 7. Since 2017, Fowler has been challenging the loans through Education's administrative process. *Id.* ¶ 16; Pl.'s Mem. Opp'n Educ. 5, ECF No. 43. She submitted documents to the police, the Federal Trade Commission, and Education to support her theory, including evidence showing loans of that size were legally impossible at the time. SAC ¶ 17, ECF No. 32.

Education denied Fowler's loan discharge in May of 2021 because she failed to submit all required information—including signature exemplars—under the pertinent regulation, 34 C.F.R. § 682.402(e)(3)(iii).[1] *Id.* ¶ 22. In the denial letter, Education asked Fowler to submit further information, and made clear it was open to speaking with Fowler and reconsidering her claim. *See* First Am. Compl. Ex. A, ECF No. 18.[2] Instead of submitting further information for reconsideration, Fowler brought this case. She twice amended her Complaint in response to earlier motions to dismiss. *See* ECF Nos. 18, 32. After the SAC was filed, both Education and Penn again

---

[1] This regulation requires a borrower to "[p]rovide five different specimens of his or her signature, two of which must be not earlier or later than one year before or after the date of the contested signature." 34 C.F.R. § 682.402(e)(3)(iii)(B). Due to regulatory changes, however, in a few months signature specimens will no longer be required when seeking discharge for false certification. *See* 34 C.F.R. § 682.402(e)(3)(iv) (effective July 1, 2023) (The borrower must, "[i]n the case of a borrower requesting a discharge because the school signed the borrower's name on the loan application or promissory note without the borrower's authorization state that he or she did not sign the document in question or authorize the school to do so.") Thus, upon dismissal of this suit, Fowler may simply file a "new discharge application for consideration under the relaxed standard established by the amended regulation." Educ. Mot. Dismiss 2-3, ECF No. 39.

[2] Fowler attached the letter to her First Amended Complaint. She references the letter as Exhibit A in her Second Amended Complaint, but no exhibit is attached. SAC ¶ 22, ECF No. 32. Because her claim is based on the letter, the Court may properly consider it. *Mayer v. Belichick,* 605 F.3d 223, 230 (3d Cir. 2010) ("In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.").

moved to dismiss pursuant to Rule 12(b)(6). The motions are now ripe for adjudication.

**STANDARD OF REVIEW**

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "does not need detailed factual allegations" if it contains something "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But the plausibility standard "require[s] a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citation omitted). "A facially plausible claim is one that permits a reasonable inference that the defendant is liable for the misconduct alleged." *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) (citing *Iqbal*, 556 U.S. at 678). This Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

**DISCUSSION**

Fowler claims that Education acted in an arbitrary and capricious manner and violated her substantive due process rights when it denied her loan discharge, and that Penn breached a contractual agreement to process her paperwork properly. Fowler fails to plausibly state these claims because (a) Education's denial of discharge was reasonable; (b) Fowler has not yet been deprived of any protected property; and (c) she fails to identify an express contract with Penn as required in Pennsylvania. The motions to dismiss will be granted with prejudice.

In Count I, Fowler asks this Court to review and reverse Education's decision denying Fowler's request for loan discharge. Under the APA, a person "suffering legal wrong because of

agency action" is entitled to judicial review of that action. 5 U.S.C. § 702. A reviewing court shall "hold unlawful and set aside agency action" that is, *inter alia*, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A). An agency acts arbitrarily or capriciously when

> the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*CBS Corp. v. F.C.C.*, 663 F.3d 122, 137 (3d Cir. 2011). Review under this standard is narrow and courts should not substitute their own judgment for that of the agency. *See Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). As long as agency action is "reasonable and reasonably explained," the Court must afford it deference. *FCC v. Prometheus Radio Project*, 141 S. Ct. 1150, 1158 (2021).

Fowler argues Education's letter of denial was arbitrary and capricious. SAC ¶¶ 22-23, ECF No. 32. However, Fowler did not provide signature specimens as required by regulation. 34 C.F.R. § 682.402(e)(3)(iii). And nothing in the denial letter suggests Education relied on improper factors, failed to consider important aspects of the problem, offered an explanation counter to the evidence, or reached an implausible result in denying Fowler's application for discharge. *See CBS Corp.*, 663 F.3d at 137. Rather, Education informed Fowler the documents submitted did not meet the criteria for a discharge and left open options for Fowler to submit supplementary information, seek reconsideration, and speak to someone from the department about her concerns. *See* First Am. Compl. Ex. A, ECF No. 18. This singular denial of a discharge for failure to comply with agency regulations, coupled with invitations to continue communication with the agency, was not arbitrary or capricious. Because Education's actions were "reasonable and reasonably explained," Fowler's

APA claim will be dismissed. *FCC*, 141 S. Ct. at 1158.

Fowler also argues Education's actions violated her substantive due process rights. Substantive due process protects fundamental individual liberties against "certain government actions regardless of the fairness of the procedures used to implement them." *Newark Cab Ass'n v. City of Newark*, 901 F.3d 146, 155 (3d Cir. 2018). The first inquiry in a due process challenge is whether the plaintiff has been deprived of a protected interest in "property" or "liberty." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999).

Fowler's SAC makes a vague reference to property deprivation, but it is unclear exactly what property is at stake. *See* SAC ¶¶ 25-34, ECF No. 32. In the context of challenges to non-legislative acts, substantive due process protection has only ever been extended to real property. *See Newark Cab.*, 901 F.3d at 155. Assuming Fowler is referring to the value of the contested loans or to the additional consequences of the CAIVRS reporting, neither constitutes real property. And because Fowler only points to a single denial of discharge and Education remains willing to work with her toward adjudicating her claim, it is yet unclear whether she has been deprived of any property at all. *See Sullivan*, 526 U.S. at 60-61 (denying a substantive due process claim because plaintiffs did not have a property interest as they had not yet been deprived of any legal entitlement). Education offers individuals a discharge of their student loans if they comply with regulations and provide required information substantiating their claim. But Fowler demands discharge despite failing to show she provided the necessarily information. "Unsurprisingly, the Due Process Clause does not require such a result." *Id.* at 61. Count II will also be dismissed.

Finally, in Count III Fowler brings a claim against Penn for breach of contract under state law. She asserts that Penn, by processing her fellowship application, contractually agreed to properly process all matters related to her attendance. SAC ¶¶ 36-37, ECF No. 32. Penn moves to

dismiss, arguing no such contractual agreement, express or implied, existed between the parties and any claim is barred by the statute of limitations. Because Fowler fails to identify a contract relevant to this dispute, her claim will be denied.

In Pennsylvania, an express contract is formed when parties declare the terms of their agreement. *Ingrassia Constr. Co., Inc. v. Walsh*, 486 A.2d 478, 483 n.7 (Pa. Super. 1984). Alternatively, an implied contract may exist where the parties' actions or conferred benefits manifest mutual intent to be bound. *See id.* at 483 (citing *Cameron v. Eynon*, 3 A.2d 423, 424 (Pa. 1939)). Fowler does not identify an explicit contract with Penn and instead relies on the implied contract theory. The relationship between students and privately funded colleges is "contractual in nature." *Smith v. Univ. of Pa.*, 534 F. Supp. 3d 463, 471 (E.D. Pa. 2021). But "a cause of action for breach of an implied promise is not cognizable under Pennsylvania law in the higher education context." *Id.* at 474 (finding no implied contractual agreement to provide in-person instruction existed when a university changed instructional format in response to COVID-19). Fowler's breach of contract claim against Penn therefore fails as a matter of law.[3]

For the reasons discussed above, Defendants' motions to dismiss will be granted in full. One final issue remains: Education and Penn ask the Court to deny Fowler leave to amend. Federal Rule of Civil Procedure 15(a) requires the Court to "freely give leave" to amend "when justice so

---

[3] Penn also argues that Fowler's claim is barred by Pennsylvania's four-year statute of limitations for contract claims. See 42 PA. CONS. STAT. § 5525(a). Noncompliance with a statute of limitations, however, is an affirmative defense and plaintiffs are not required to negate such a defense in their complaint. *See Pension Tr. Fund for Operating Eng'rs v. Mortg. Asset Securitization Transactions, Inc.*, 730 F.3d 263, 271 (3d Cir. 2013). While it is concerning that the alleged breach of contract took place several decades ago, the issue is ultimately a question of fact, dependent on when Fowler learned of the breach and the applicability of tolling. See 42 PA. CONS. STAT. § 5525. These issues are not properly reached on a motion to dismiss. See *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) ("If the [statute of limitations] bar is not apparent on the face of the complaint, then it may not afford the basis for dismissal of the complaint under Rule 12(b)(6) (internal citation omitted)).

requires." But amendment is not permitted where it would be futile, such that there are no facts which could be added to the complaint that would properly state a claim. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Fowler relies on Education's denial letter as the sole indication of arbitrary and capricious behavior, but it does not rise to such a level. She fails to identify any fundamental right or deprivation thereof actionable against Education under substantive due process law. And she attempts to sue Penn under a legal theory that is not cognizable in Pennsylvania. As a matter of law, these claims fail. Leave to amend may also be denied in situations of "repeated failure to cure deficiencies by amendments previously allowed." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The SAC is Fowler's third iteration crafted in response to Defendants' multiple motions. She will not be permitted a fourth bite at the apple. *See Mann v. Brenner*, 375 F. App'x 232, 240 n.9 (3d Cir. 2010).

      An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.